IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| DOUG LANEY, GARY MCANALLY AND CHRIS MORGAN<br>Individually and on behalf<br>of all others similarly situated<br><br>*Plaintiff*,<br><br>v.<br><br>CLEMENTS FLUIDS, INC.<br>CLEMENTS FLUIDS MANAGEMENT, LLC.,<br>CLEMENTS FLUIDS SOUTH TEXAS, LTD.<br>AND CLEMENTS FLUIDS<br>HENDERSON, LTD.<br><br>*Defendant* | § § § § § § § § § § § § § § § § § | Civil Action No. 2:18-cv-207<br><br>JURY TRIAL DEMANDED<br><br>COLLECTIVE ACTION<br>PURSUANT TO 29 U.S.C. § 216(b) |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

Doug Laney, Gary McAnally and Chris Morgan bring this action individually and on behalf of all current and former contractors/employees, as members of three putative classes defined herein, who worked for Defendants Clements Fluids, Inc., Clements Fluids Management, Ltd., Clements Fluids South Texas, Ltd. and Clements Fluids Henderson, Ltd. (hereinafter "Clements Fluids") to recover overtime pay, liquidated damages, attorneys' fees, and costs, pursuant to the provisions of Sections 207 and 216(b) of the Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 216(b).

## I.
## OVERVIEW

1.1 This is a collective action to recover overtime wages brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et. seq.*

1.2 Plaintiffs and the Potential Class Members are members of three classifications of workers: (1) those persons who are current and former non-exempt employees—Day Rate Workers—of Clements Fluids who worked there within the last three years; (2) those persons who are current

and former non-exempt employees—Salaried Fluid Technician Workers—of Clements Fluids who worked there within the last three years; and, (3) those persons who are current and former non-exempt employees—Hourly Fluid Technician Workers—of Clements Fluids who were paid non-discretionary bonuses called "Trip Charges" who worked there within the last three years.

1.3     Plaintiffs and the Potential Day Rate Class Members were (and are) paid on a day rate system. Specifically, Clements Fluids paid its Day Rate Workers a flat amount for each day worked without the proper overtime premium for all hours worked in excess of 40 in a workweek. Also, Clements Fluids paid (and continue to pay) the Potential Salaried Fluid Technician Class Members a salary without any payment of the proper overtime premium for all hours worked in excess of 40 in a workweek. Finally, Clements Fluids paid (and continues to pay) the Potential Hourly Fluid Technician/Operator Class Members a 'trip charge' which is not included in the calculation of the regular rate for purposes of paying overtime pay, which results in improperly calculated overtime wages.

1.4     The decisions by Clements Fluids not to pay proper overtime compensation to its Day Rate Workers, the Salaried Fluid Technicians and the Hourly Fluid Technician/Operators were neither reasonable nor in good faith.

1.5     Clements Fluids knowingly and deliberately failed to compensate its Day Rate Workers, the Salaried Fluid Technicians and the Hourly Fluid Technician/Operators properly calculated overtime for all hours worked in excess of forty (40) hours per workweek.

1.6     The Day Rate Workers and Salaried Fluid Technicians did not (and currently do not) perform work that meets the definition of exempt work under the FLSA.

1.7     Plaintiffs and the Potential Class Members—the Day Rate Workers/Salaried Fluid Technician Workers/Hourly Fluid Technician/Operators —therefore seek to recover all unpaid

overtime and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

1.8 Plaintiffs also pray that all similarly situated workers (Potential Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

## II.
## THE PARTIES

2.1 Plaintiff Doug Laney is an individual who resides in Troup, Smith County, Texas. Laney worked out of the Clements Fluids yard in Henderson, Rusk County, Texas. Plaintiff Gary McAnally is an individual who resides in Jacksonville, Cherokee County, Texas. McAnally worked out of the Clements Fluids yard in Charlotte, Texas. Plaintiff Chris Morgan is an individual who resides in Midland, Midland County, Texas. Morgan worked out of the Clements Fluids yard in Charlotte, Texas. Plaintiffs worked for Clements Fluids within the meaning of the FLSA within this judicial district within the relevant three-year period. During their employment with Clements Fluids, all Plaintiffs were paid a day rate but did not receive overtime compensation for all hours worked in excess of forty (40) hours per workweek. Plaintiffs Laney and Morgan were salaried Fluid Technicians but did not receive overtime compensation for all hours worked in excess of forty (40) hours per workweek. Plaintiff McAnally was an hourly fluid technician/operator who was paid 'trip charges' which were not included in the calculation of his overtime wages.[1]

2.2 The Potential Class Members are those current and former non-exempt contractors/employees who worked for Clements Fluids and who were subjected to the same illegal pay systems under which Plaintiffs worked and was paid—specifically, all other Day Rate Workers, Salaried Fluid Technicians and Hourly Fluid Technicinnas/Operators.

---

[1] The written consents of Doug Laney, Gary McAnally and Chris Morgan are attached hereto as Exhibits "A", "B" and "C".

2.3     Defendant, Clements Fluids, Inc. is a Texas corporation and may be served with process through its registered agent for service, Lee I. Correa, 1021 ESE Loop 323, Suite 200, Tyler, Texas 75701. Defendant Clements Fluids Management, LLC is a Texas limited liability company and may be served with process through its registered agent for service, Lee I. Correa, 1021 ESE Loop 323, Suite 200, Tyler, Texas 75701. Defendant, Clements Fluids Henderson is a Texas limited partnership and may be served with process through its registered agent for service, Lee I. Correa, 1021 ESE Loop 323, Suite 200, Tyler, Texas 75701. Defendant, Clements Fluids South Texas, Ltd. is a Texas limited partnership and may be served with process through its registered agent for service, Lee I. Correa, 1021 ESE Loop 323, Suite 200, Tyler, Texas 75701. All Defendants are referred to collectively as 'Clements Fluids' and are the joint employers of Plaintiffs and the putative class members.

## III.
## JURISDICTION & VENUE

3.1     This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. § 201 *et. seq.*

3.2     This Court has personal jurisdiction over Clements Fluids because the cause of action arose within this district as a result of Clements Fluids' illegal pay practices instituted within this district.

3.3     Venue is proper in the Eastern District of Texas because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

3.4     Specifically, Clements Fluids has maintained a working presence throughout East Texas and Plaintiffs Laney and McAnally reside in the Eastern District of Texas throughout their employment with Clements Fluids, all of which are in this District and Division. Clements Fluids operates a yard in Henderson Texas in Rusk County, Texas.

3.5     Pursuant to 28 U.S.C. § 1391, venue is proper in any division of the Eastern District of Texas.

## IV.
## FLSA COVERAGE

4.1     At all times hereinafter mentioned, Clements Fluids has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

4.2     At all times hereinafter mentioned, Clements Fluids has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

4.3     At all times hereinafter mentioned, Clements Fluids has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that those enterprises have had, and have, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

4.4     During the respective periods of Plaintiffs and the Potential Class Members' employment by Clements Fluids, these individuals provided services for Clements Fluids that involved interstate commerce.

4.5     In performing the operations hereinabove described, Plaintiffs and the Potential Class Members were engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

4.6    At all times hereinafter mentioned, Plaintiffs and the Potential Class Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

4.7    There are three proposed classes of similarly situated employees, i.e. potential class members sought to be certified pursuant to 29 U.S.C. § 216(b). The first proposed class is defined as "all Day Rate Workers employed by Clements Fluids from May 14, 2015 to the present." The second proposed class is defined as "all Salaried Fluid Technicians employed by Clements Fluids from May 14, 2015 to the present." The third proposed class is defined as "all Hourly Fluid Technician/Operators employed by Clements Fluids and which were paid 'trip charges' from May 14, 2015 to the present."

4.8    The precise size and identity of the proposed classes should be ascertainable from the business records, tax records, and/or employee and personnel records of Clements Fluids.

## V.
## FACTS

5.1    Clements Fluids claims to be a leading provider of drilling, completion and production fluids and other specialized services to the oil and gas industry. Indeed, Clements Fluids currently provides its services to several leading energy industry companies working in different oil and gas plays throughout the United States, including the State of Texas.[2]

### A.    "Day Rate" Class

5.2    To provide its services, Clements Fluids employed (and continues to employ) numerous workers that were paid a "day rate" but did not receive overtime for all hours worked—all of these individuals make up the putative class. While exact job titles may differ, these employees are

---

[2] http://clementsfluids.com/products-services/

subjected to the same or similar illegal pay practices for similar work.[3] Clements Fluids employs a practice whereby its employees are hired in as 'independent contractors' who are paid a "day rate" and whose wages are reported on a Form 1099 to the IRS. After a period of time, Clements Fluids converts these day rate 'independent contractors' to W-2 employees with not change in duties and responsibilities.

5.3    Plaintiffs and the Day Rate Workers performed their duties under the direct supervision of employees of Clements Fluids. All work performed by Plaintiffs and the putative Day Rate Worker class members was performed at Clements Fluids locations. While Plaintiff and the putative Day Rate Worker class members used equipment provided by Clements Fluids and their services were merged into Clements Fluids' overall operation. Plaintiff and the putative Day Rate Worker class members were hired to perform the work personally and were not able to assign another to do the job in their place. Plaintiffs and the putative Day Rate Worker class members worked on the schedule set by Clements Fluids and they performed the work in the order or sequence set by Clements Fluids. As stated, Plaintiffs and the putative Day Rate Worker class members were paid a day rate for all hours worked, with no overtime premium for any hours worked over 40 in a work week.

5.4    Plaintiffs and the putative Day Rate Worker class members did not realize a profit or loss in the business, rather, they were paid for services rendered. Plaintiffs and the putative Day Rate Worker class members solely worked for Clements Fluids during the time of their employment and did not offer their services to the public. Plaintiffs and the putative Day Rate Worker class members were subject to termination by Clements Fluids at any time and were able to quit at any time without liability on their part.

---

[3] Clements Fluids employs Day Rate Workers under several different job titles.

Clements Fluids provided all specifications for the projects, gave specific instructions on when, where and how the work was to be performed, including the manner of the work performed and the details of Plaintiffs' and the putative Day Rate Worker class members work.

5.5     Clements Fluids paid Plaintiffs and the putative Day Rate Worker class members for services rendered and had the right to direct or control these workers, both as to the final result of their labors and the details of the where, when and how the work was to be performed.

5.6     Clements Fluids paid (and continues to pay) its Day Rate Workers a flat day rate for the work they perform. The Day Rate Workers are only paid for days they work—the day rate compensation system did not (and does not) take into account all hours worked in a workweek or overtime hours.

5.7     While the precise job duties of the Day Rate Workers may vary somewhat, these variations do not impact their entitlement to overtime for hours worked in excess of forty (40) in a workweek. To the contrary, all of the Day Rate Workers are non-exempt employees.

5.8     Plaintiff and the Day Rate Workers routinely worked up to seven (7) days per week and typically at least twelve (12) hours per work day. Indeed, the Day Rate Workers often worked seven (7) days per week for an entire month or more until the specific job was completed.

5.9     The Day Rate Workers' daily and weekly activities were routine and largely governed by standardized plans, procedures, and checklists created by Clements Fluids and/or its clients. Virtually every job function was pre-determined by Clements Fluids, including the equipment and tools to use at a job site, the schedule of work, and related work duties.

5.10    The Day Rate Workers were prohibited from varying their job duties outside of the predetermined parameters for which they were specifically trained by Clements Fluids. Moreover, the Day Rate Workers' job functions were primarily technical and manual labor in nature, not requiring a college education or other advanced degree.

5.11    Indeed, the Day Rate Workers are blue-collar workers—they rely on their hands, physical skills, and energy to perform manual labor in completing their jobs.

5.12    While an employer—like Clements Fluids —can pay its non-exempt employees on a day rate basis, the employee(s) still must receive overtime pay for hours worked in excess of forty (40) in a workweek. *See* 29 C.F.R. § 778.112.

5.13    The Day Rate Workers worked far in excess of 40 hours per week, yet Clements Fluids did not (and still does not) pay them the proper amount of overtime for all hours worked in excess of 40 in a week.

5.14    Clements Fluids knows its Day Rate Workers work more than forty (40) hours in a week. The Day Rate Workers routinely work (and worked) in excess of sixty (60) or more hours in a workweek.

5.15    Thus, it is clear that Clements Fluids acted willfully and/or with reckless disregard of the applicable FLSA provisions by failing to properly compensate the Day Rate Workers for all hours worked in excess of forty (40) during the workweek.

    **B.**    **"Salaried Fluid Technicians" Class**

5.16    Plaintiffs Laney and Morgan began their employment with Clements Fluids as Day Rate Workers; however, at some point during their employment with the company they were both converted to W-2 employees and were paid a salary. Laney and Morgan were employed as Fluid Technicians; however, the work they did for Clements Fluids was not exempt under any definition under the FLSA. The evidence at trial will show that the Salaried Fluid Technicians were not paid overtime wages at one and one-half times the regular hourly rate for all hours worked in excess of 40 hours in a work week.

5.17    Plaintiffs believe and, therefore, allege that the failure of Clements Fluids to pay the Salaried Fluid Technicians overtime pay was intentional.

### C. "Hourly Fluid Technician/Operators" Class

5.18 Plaintiff McAnally was a fluid pumping equipment technician/operator for Clements Fluids. The work performed for Clements Fluids by the fluid equipment technicians/operators was not exempt as defined under the FLSA. Clements Fluids pays a number of its fluid equipment technicians/operators on an hourly basis and pays overtime wages for hours worked over forty (40) in each workweek. However, Clements Fluids did not include the extra compensation reflected as 'Trip Charge' on the fluid equipment technicians/operators' paychecks in calculating the fluid equipment operators' regular rate; therefore, the overtime wages were improperly calculated resulting in the underpayment of overtime wages.

5.19 Plaintiff McAnally and the hourly fluid pump equipment technicians/operators regularly worked between 60 and 80 hours per work week and did not receive properly calculated overtime pay.

5.20 Plaintiff McAnally and the hourly fluid pump equipment technicians/operators were paid regular, non-discretionary bonuses reflected as 'Trip Charge' which were not included in their regular rate of pay. The 'Trip Charge' payments should be included in Plaintiffs' regular rate for purposes of calculating the proper overtime premium.

5.21 Plaintiff McAnally believes and, therefore, alleges that the failure of Clements Fluids to pay overtime pay to the hourly fluid equipment technicians/operators was intentional.

## VI.
## CAUSES OF ACTION

### A. DAY RATE VIOLATION

6.1 Clements Fluids violated provisions of Sections 6, 7 and 15 of the FLSA, 29 U.S.C. §§ 206, 207, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty

(40) hours without compensating such employees for many of the hours they worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

6.2    The FLSA also provides that, if an employee is paid a flat sum for a day's work or for doing a particular job, and if he receives no other form of compensation of services, the employee is entitled to extra half-time pay at his regular rate for all hours worked in excess of forty (40) in the workweek. *See* 29 C.F.R. § 778.112.

6.3    Clements Fluids' compensation scheme applicable to the Day Rate Workers failed to comply with any of the above-enumerated regulations. Specifically, and as illustrated above, Clements Fluids did not pay overtime to the Day Rate Workers if they worked in excess of forty (40) in the workweek.

**B.    MISCLASSIFICATION VIOLATION**

6.4    Clements Fluids' misclassification of its Salaried Fluid Technicians as exempt from overtime pay is a violation of the FLSA. The Salaried Fluid Technicians' work for Clements Fluids was not exempt from overtime pay as defined under 29 USC §207, 213(a) or (b) or 29 CFR parts 451, 531, 541, 778, 785 or 790.  Therefore, Clements Fluids is liable for overtime pay to its present and former Salaried Fluid Technicians for all hours worked over forty (40) in the workweek.

**C.    REGULAR RATE VIOLATION**

6.5    Clements Fluids' failure to include the "Trip Charge" paid to their hourly Fluid Technicians/Operators into the regular rate of pay for overtime purposes is a violation of the FLSA and its accompanying regulations. The failure to include the "Trip Charge" in the regular rate calculation caused Clements Fluids to under pay overtime to the Hourly Fluid Pump Technician/Operators.

**D.    ALLEGATIONS COMMON TO ALL VIOLATIONS**

6.6     Clements Fluids knowingly, willfully and in reckless disregard carried out their illegal pattern of failing to pay Plaintiffs and other similarly situated employees overtime compensation for all of the overtime hours they worked. *See* 29 U.S.C. § 255(a).

6.7     Clements Fluids knew or should have known their pay practices were (and continue to be) in violation of the FLSA.

6.8     Clements Fluids is a sophisticated party and employer, and therefore knew (or should have known) its pay policies were in violation of the FLSA.

6.9     Plaintiffs and all putative class members, on the other hand, are (and were) unsophisticated laborers who trusted Clements Fluids to pay them according to the law.

6.10    The decisions and practices by Clements Fluids not to properly pay overtime for all of the overtime hours worked as alleged herein was neither reasonable nor in good faith.

6.11    Accordingly, Plaintiffs and all Potential Class Members are entitled to overtime wages for all hours worked in excess of forty (40) hours per workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorney's fees and costs.

### E.     COLLECTIVE ACTION ALLEGATIONS

6.12    Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf of all three classes of current and former Clements Fluids employees who are (or were) similarly situated to Plaintiffs with regard to the work they have performed and the manner in which they have been underpaid.

6.13    Other similarly situated employees of Clements Fluids have been victimized by Clements Fluids' patterns, practices and policies, which are in willful violation of the FLSA.

6.14    The Potential Class Members are defined in the following three classes (1) "all Day Rate Workers employed by Clements Fluids at any time from May 14, 2015 to the present." (2) "all

Salaried Fluid Technicians employed by Clements Fluids at any time from May 14, 2015 to the present." and (3) "all Hourly Fluid Technicians who were paid 'Trip Charges' employed by Clements Fluids at any time from May 14, 2015 to the present."

6.15 Clements Fluids' failure to properly pay overtime wages results from generally applicable policies and practices of Clements Fluids, and does not depend on the personal circumstances of the Plaintiff and Potential Class Members.

6.16 Thus, Plaintiffs' experiences are typical of the experiences of the Potential Class Members in each classification.

6.17 The specific job titles or precise job requirements of the various Potential Class Members does not prevent collective treatment.

6.18 All of the putative class members —regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated for all hours worked in excess of forty (40) hours per workweek.

6.19 Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

## VII.
## RELIEF SOUGHT

7.1 Plaintiffs respectfully pray for judgment against Clements Fluids as follows:

    a. For an Order recognizing this proceeding as a collective action pursuant to Section 216(b) of the FLSA and requiring Clements Fluids to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all potential collective action members;

    b. For an Order approving the form and content of a notice to be sent to all potential collective action members advising them of the pendency of this litigation and of their rights with respect thereto;

    c. For an Order awarding Plaintiffs (and those who have joined in the suit) back wages that have been improperly withheld;

    d. For an Order pursuant to Section 16(b) of the FLSA finding Clements Fluids liable for unpaid back wages due to Plaintiffs (and those who have joined in the suit), and for liquidated

damages equal in amount to the unpaid compensation found due to Plaintiffs (and those who have joined in the suit);

  e. For an Order awarding Plaintiffs (and those who have joined in the suit) the costs of this action;

  f. For an Order awarding Plaintiffs (and those who have joined in the suit) attorney's fees;

  g. For an Order awarding Plaintiffs (and those who have joined in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law;

  h. For an Order awarding each Plaintiff a service award as permitted by law;

  i. For an Order compelling the accounting of the books and records of Clements Fluids; and

  j. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

*/s/ William S. Hommel, Jr.*
William S. Hommel, Jr.
State Bar No. 09934250
HOMMEL LAW FIRM
1404 Rice Road, Suite 200
Tyler, Texas 75703
903-596-7100
469-533-1618 Facsimile
bhommel@hommelfirm.com

**ATTORNEYS IN CHARGE FOR PLAINTIFFS AND POTENTIAL CLASS MEMBERS**