UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:18-cv-00497

**Doug Laney,**
*Plaintiff,*

v.

**Clements Fluids Management, LLC et al.,**
*Defendants.*

Before BARKER, *District Judge*

## ORDER

Named plaintiff Doug Laney asks the court to order his former employer, Clements Fluids, to turn over certain business records. He makes his request without serving a discovery request, "separate and apart from any discovery Rule 26 consideration." Hr'g Tr. (Doc. 109) 25:22-23.

Instead of relying on the discovery rules, Laney relies on his desire to find additional plaintiffs to join him in this action. If Clements Fluids turns over contact information for its employees, Laney can then ask those employees if they want to join him in suing. Since some employees might want to sue Clements Fluids, Laney argues that the court should help him find those new litigants now so they can join this suit.

Laney also seeks the court's approval of how he solicits others to join him in suing. Laney has prepared a draft notice to employees of Clements Fluids, advising them of their right to join in this action as plaintiffs represented by Laney. Clements Fluids has no quarrel with that notice. But Laney still seeks its approval, by which he means judicial assurance that his sending the notice (i) will not undermine the voluntariness of any future plaintiff's consent to join this suit and (ii) will not violate Laney's or his attorney's ethical obligations regarding solicitation, Hr'g Tr. 7:12-13, 65-66.

Laney calls the relief he seeks "conditional certification" of various things—a "class", a "collective," a "collective action," a "group," or a "classification." *E.g.*, Doc. 44 at 2, 6, 7, 9, 13, 17; Doc. 105 at 9. He argues that those two steps—approving notice to a group of employees and ordering the defendant to produce contact information for those employees—would be a sound exercise of the court's authority under Federal Rule of Civil Procedure 83(b) to "regulate practice in any manner consistent with federal law [and] rules." *See* Hr'g Tr. (Doc. 109) at 11:14-17 (confirming reliance on Rule 83). That authority does include the discretion to make an employer sued for wage violations turn over employee lists. *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 169-70 (1989). Still, Laney must persuade the court of the wisdom of exercising its discretion in that way. *In re JPMorgan Chase & Co.*, 916 F.3d 494, 503 n.19 (5th Cir. 2019) ("*Hoffmann-La Roche*, for example, states only that district courts have the discretion to facilitate notice—not that they must.").

As to why the court should proceed that way, Laney notes that the Fair Labor Standards Act allows plaintiffs to join together in a collective, representative action. 29 U.S.C. § 216(b). From that fact, Laney perceives a directive that courts should help any named plaintiff put together as broad a collective action as possible. Laney also invokes "the remedial purposes" of the Act. Hr'g Tr. 36:11-12, 39:1.

The court declines to exercise its case-management discretion in those two ways and thus **denies** the motion for conditional certification (Doc. 44). The court will manage this collective action by **imposing** the deadline specified below for written consents by plaintiffs opting into this action.

### I. Procedural history

This action was originally filed by three named plaintiffs: Laney, McAnally, and Morgan. They sued a set of companies, together referred to as Clements Fluids, which were allegedly

"the joint employers of Plaintiffs." Amended Complaint (Doc. 15 at 4). Plaintiffs alleged that Clements Fluids did not pay them overtime, in violation of sections 6, 7, and 15 of the Fair Labor Standards Act. Plaintiffs also pleaded their intent to represent, in an FLSA collective action, all other similarly situated Clements Fluids employees.

The court entered a scheduling order directing a settlement conference, ordering answers to limited interrogatories, and staying discovery. Doc. 24. Plaintiff McAnnally then settled out of the case, Doc. 35, and discovery opened, Doc. 41.

The remaining plaintiffs filed their Opposed Motion for Conditional Certification and to Facilitate Notice Pursuant to 29 U.S.C. § 216(b). Doc. 44. Clements Fluids, in turn, moved for summary judgment. Docs. 45, 78.

The magistrate judge assigned to the case issued a report recommending that plaintiffs' motion for conditional certification be granted in part. Doc. 88. The magistrate judge also granted plaintiffs' Rule 56(d) motion to continue Clements Fluids' summary-judgment motions until the close of discovery. *Id.* Plaintiff Morgan then settled and dismissed his claims, leaving Laney as the sole named plaintiff. Docs. 81, 91.

Clements Fluids timely objected to the magistrate judge's report. Doc. 99. The case was then transferred to the undersigned district judge. The court ordered supplemental briefing on four questions about Laney's motion for conditional certification:

1. Whether the court should use the two-stage framework laid out in *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987), as opposed to another method.

2. Whether plaintiff's request for discovery of defendants' records regarding employees other than plaintiff is within the scope of Federal Rule of Civil Procedure 26(b) for any reason other than plaintiff's

desire to discover the identity of other potential litigants. *See Knutson v. Blue Cross & Blue Shield of Minnesota*, 254 F.R.D. 553 (D. Minn. 2008).

3. The extent, if any, to which the propriety of the collective action described in 29 U.S.C. § 216(b) is governed by Federal Rule of Civil Procedure 20 or Federal Rule of Civil Procedure 23, and how the text, nature, and history of section 216(b) bears on that analysis.

4. What specific potential abuses or other considerations in this case favor or disfavor the court's use of its discretion under *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165 (1989), to manage plaintiff's communication with potential members of a collective action?

Doc. 102. After the parties filed their supplemental briefing, the court held a hearing on the motion. Doc. 109.

Three employees have already opted into this action as plaintiffs represented by Laney, making this a collective action. Docs. 50, 74, 77. Laney has also filed an opposed motion for equitable tolling of the statute of limitations for any future opt-in plaintiffs. Doc. 110.

## II. Laney's motion for conditional certification (Doc. 44)

### A. Legal framework

The Fair Labor Standards Act of 1938 allows "similarly situated" plaintiffs to sue over wage violations in a collective action, in which a named plaintiff represents other employees:

> An action . . . may be maintained against any employer . . . in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to

become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b). Congress has labeled that a "collective or representative action." *Id.* at § 257. It is brought by a claimant who is "specifically named as a party plaintiff" and joined by others through "written consent to become a party plaintiff." *Id.* The court thus refers to Laney as the named plaintiff and all other party plaintiffs as opt-in plaintiffs.

As noted, opt-in plaintiffs can be part of an FLSA collective action only if they are "similarly situated" to the named plaintiff. 29 U.S.C. § 216(b). The motion at hand calls on the court to establish a process for making that determination.

No statute or rule directs a particular process for making the similarly-situated determination, and the Fifth Circuit has "found it unnecessary to decide" whether any one process must be used. *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1216 (5th Cir.1995) ("we specifically *do not* endorse the methodology employed by the district court, and *do not* sanction any particular methodology"). As Laney admits, the process used is left to each district court's discretion. Various district courts use different processes.

District courts do often use class-action terminology such as "class" and "certify" to describe collective actions under the Fair Labor Standards Act. *See Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 71 (2013) ("While we do not express an opinion on the propriety of this use of class-action nomenclature, we do note that there are significant differences between certification under Federal Rule of Civil Procedure 23 and the joinder process under § 216(b)."). That usage may be confusing, so it is avoided or clarified when possible here.

### B. Standard of review

The relief that Laney seeks appears to be within a magistrate judge's authority to resolve by a ruling. A magistrate

judge designated to do so may "hear and determine"—i.e., rule on—any pretrial matter not within the exceptions of 28 U.S.C. § 636(b)(1)(A). Those exceptions include a motion "to dismiss or to permit maintenance of a class action." *Id.* But that exception for class actions does not map to Laney's motion for conditional certification of similarity under the FLSA.

The "consequence of conditional certification [under 29 U.S.C. § 216] is the sending of court-approved written notice to employees . . . who in turn become parties to a collective action only by filing written consent with the court." *Tyson Foods, Inc. v. Bouaphakeo*, 136 S. Ct. 1036, 1043 (2016). "Conditional certification" of Laney's similarity to other employees does not create a new legal entity or join any employee to an action. Joinder is only by the employee's written consent. In contrast, certification of a class joins parties to the action, creating a class that has "independent legal status." *Genesis*, 569 U.S. at 74.

As brought here, a motion for conditional certification of similarity under the FLSA seeks an order (i) approving a communication by the plaintiff and (ii) compelling the production of certain information by the defendant. Both of those steps are within a magistrate judge's nonexcepted decisional authority. Several other courts agree.[1] So the court believes that its referral of pretrial motions to the full extent of § 636

---

[1] *E.g.*, *Moreno v. Nat'l Oilwell Varco, L.P.*, 2017 WL 5904909, at *1 n.2 (S.D. Tex. 2017) ("A motion for conditional certification under the FLSA is a non-dispositive matter appropriate for a United States Magistrate Judge to decide under 28 U.S.C. § 636(b)(1)(A)."); *Barrus v. Dick's Sporting Goods, Inc.*, 465 F. Supp. 2d 224, 228-29 & n.1 (W.D.N.Y. 2006) ("Although magistrate judges do not have jurisdiction to authorize final certification of a class, [a magistrate judge] has jurisdiction over motions seeking conditional class certification because they are only preliminary determinations and are not dispositive.") (citation omitted); *accord Patton v. Thomson Corp.*, 364 F. Supp. 2d 263, 265-66 (E.D.N.Y. 2005) (same); *Poreda v. Boise Cascade, L.L.C.*, 532 F. Supp. 2d 234, 238 (D. Mass. 2008) (same).

includes a referral for decision, not just recommendation, of motions for conditional certification like Laney's.

Nevertheless, the magistrate judge did not grant or deny Laney's motion but, rather, expressly styled the report's conclusion on the motion as a recommendation. Accordingly, the court will review that conclusion de novo. *See* 28 U.S.C. § 636(b)(1) (standard of review for recommendations).

That de novo review will extend to the process used for making the similarly-situated determination. Laney resists that review by arguing that Clements Fluids did not specifically object to the magistrate judge's use of the process in *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987). But Clements Fluids' objections are intertwined with the process issue. And, in any event, Clements Fluids' objections are only a floor on this court's review.

### C. The court will not order production of an employee list or preapprove Laney's proposed notice.

**1.** A court must be mindful of multiple concerns in deciding on the best process for making the similarly-situated determination under the FLSA. Efficiency in managing cases is one consideration. *Hoffman-La Roche*, 493 U.S. at 174. Scrupulous respect is also owed to judicial neutrality. *Id.*

As to efficiency, the court appreciates that employees not currently before the court may wish to sue Clements Fluids, and that certain efficiencies exist if all persons who wish to bring similar claims do so in a single lawsuit. At the same time, incentives already exist for employees to aggregate similar claims in a representative action: potential pooling of resources and cost savings.

And the court can never force all similar claims into one lawsuit. True, the statute of limitations will force all claims to be brought by some deadline. But the court cannot force any

potential plaintiff who may ultimately sue to do so in this court, much less to join this representative action.

**2.** Respect for judicial neutrality also informs case-management decisions. The court is concerned that the perception of neutrality may be diminished when a court uses its power to help a plaintiff to search out non-parties to sue the defendant—as opposed to enabling the plaintiff to prove his own case or controversy. Laney's motion asks for information that would not help prove his or any plaintiff's claims. Because his motion comes before any discovery request and is expressly "not a discovery request," Hr'g Tr. 11:18-23, 26:21-23, the information sought can be treated as beyond the scope of discovery: irrelevant to any claim pending before the court.[2]

Private parties may have a right to encourage litigation of a certain type, or against a certain defendant. But the court prefers to remain neutrally silent on the desired amount or type of litigation brought before it. Compulsion of some defendants but not others to produce information beyond their discovery obligations, without a principled reason for the different treatment, may strike some as judicial partiality.

Laney has not persuaded the court of any such principled distinction. The efficiency argument made in this FLSA case could be made in numerous other case also. Just as plaintiffs may opt into FLSA collective actions, Federal Rule of Civil Procedure 20 allows people to join any case as plaintiffs so

---

[2] If Laney does serve a discovery request for this information, there will be an opportunity at that time for Clements Fluids to challenge it under the discovery rules or seek a protective order limiting plaintiffs from using any produced information to recruit new litigants, as opposed to help develop proof of the plaintiffs' own claims. *Cf., e.g., Ruggles v. WellPoint, Inc.*, 591 F. Supp. 2d 150, 163 (N.D.N.Y. 2008) ("This list of former and current employees for the relevant period in the above-identified job classifications shall be disclosed directly to Plaintiffs. However, this disclosure will not include potential plaintiffs' telephone numbers or the last four digits of their social security numbers as Plaintiffs have requested.")

long as there is a common issue of law or fact arising from the same transaction or series of transactions. The same efficiency argument made here could thus be made for any case—that the court should help the plaintiff send out a call to arms so that many claims can all be joined together and resolved in one action, rather than in however many lawsuits might otherwise be filed.

When absent parties' rights are not being litigated (as they are in a class action), courts have not traditionally viewed their role as helping to find nonparties who might have a claim and helping advise them of their right to sue. Indeed, Laney has been unable to identify any history of that practice in FLSA actions during that statute's first three decades. *See* Hr'g Tr. 37:23-25, 39:3-17. The court is open to understanding a principled distinction of the FLSA context. But the briefing and hearing in this case have not yielded such a distinction. *See* Hr'g Tr. 36-39.

Laney does offer as a distinction is "the policy of the Fair Labor Standards Act [that] . . . people get paid properly." Hr'g Tr. 36:10-12. That broad policy is laudable. But so are the deterrent and remedial policies behind many laws. So that point hardly distinguishes this field. Moreover, it is risky to exercise the judicial power based on a single, abstract policy goal divined from a statute. "[N]o legislation pursues its purposes at all costs." *Rodriguez v. United States*, 480 U.S. 522, 525-26 (1987) (per curiam). Saying "that Congress must have intended whatever departures from" the prevailing rule that advance a statute's deterrent or remedial goal "is simply irrational." *Am. Exp. Co. v. Italian Colors Restaurant*, 570 U.S. 228, 233-34 (2013).

**3.** The court also rejects the invitation to opine on Laney's proposed notice to other Clements Fluids employees. A plaintiff should expect to be able to communicate with others about his suit. Any judicial restriction on that ability should be

"carefully drawn" based on the specific "potential abuses being addressed." *Gulf Oil Co. v. Bernard*, 452 U.S. 89 (1981). No party has identified any such potential abuses in the proposed notice here. So the court sees no need to weigh in. If Clements Fluids believes that misconduct in plaintiff's communications is occurring, that concern may be raised with the court when it arises. *E.g.*, Doc. 55.

Laney also argues that the court should preapprove his notice because of state laws or ethics rules on solicitation or barratry. But it is unclear how or why the court's discretionary, case-management rulings could or should supersede any applicable state laws or ethics rules. Laney has not cited any such laws or explained why an attorney should be excused from the ethics rules of the state bar. *See* Hr'g Tr. 65:4-66:17.

**4.** Clements Fluids' objections regarding Laney's "standing" and Clements Fluids' due-process right to be heard on its standing objection, Doc. 99, concern Laney's motion for conditional certification. That motion is **denied** for the reasons stated above. So there is no need to address those objections further.

As a terminology point, however, the court disagrees with the parties' suggestion at various points that this case is not a collective action until certified as such. Laney has filed written consents from three opt-in plaintiffs. So the case is already a collective action, with Laney as the opt-in plaintiffs' representative. If Clements Fluids wishes to challenge Laney's suitability as a representative under the FLSA, it may do so by a Rule 21 motion to dismiss the opt-in plaintiffs. At that point, if desired, an opt-in plaintiff may offer to become a named plaintiff. *See* Fed. R. Civ. P. 20; *cf. Portillo v. Permanent Workers, L.L.C.*, 662 Fed. App'x 277, 281-82 (5th Cir. 2016).

**5.** The court will manage the opt-in process by setting a deadline for opt-in plaintiffs to join this case. That deadline is **set** as June 1, 2020. That deadline will ensure that opt-in

joinders are brought early enough that the opt-in plaintiffs' joinder can be vetted and their claims developed on a similar timeline.

Once that deadline passes, the court can entertain a motion to dismiss any opt-in plaintiff that Clements Fluids believes is not "similarly situated" to Laney within the meaning of the FLSA. A motion to dismiss is the normal method for objecting to the joinder of a plaintiff. *See* Fed. R. Civ. P. 21. In that motion, defendant can rely on the same substantive considerations used in *Lusardi*'s second stage for making the similarly-situated determination under the FLSA.

### III. Summary-judgment continuance

The magistrate judge granted Laney's Rule 56(d) motion to defer consideration of Clements Fluids' motion for summary judgment. The court reviews that order for clear error, 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a), and finds none.

A court may defer consideration of a summary-judgment motion when the non-moving party "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d). Motions for continuance "are broadly favored" if the party seeking the continuance can show a plausible basis to believe that specific facts exist that would impact the outcome of the pending summary-judgment motion and are as of yet undiscovered. *Crawford v. Metro. Life Ins. Co.*, 756 F. App'x 350, 355 (5th Cir. 2018) (quoting *Am. Family Life Assurance Co. of Columbus v. Biles*, 714 F.3d 887, 894 (5th Cir. 2013)).

Laney argued that the continuance was necessary because he had not conducted enough discovery. Doc. 88 at 7; Doc. 67 at 2. As the magistrate judge noted, discovery had been open for just two months when the response to Clements Fluids' first motion for summary judgment was due. Doc. 88 at 8. Laney submitted declarations specifying why he could not

respond immediately and specifying categories of discovery that he intended to pursue to uncover the facts needed to respond. *Id.* at 7-8. The court finds no clear error in continuing the summary-judgment motion or in conducting discovery on the statute-of-limitations issue alongside discovery on other issues.

The court notes, however, that discovery has now been open for over a year. *See* Doc. 41. And this case has been a collective action since the opt-in plaintiffs filed their consents. The court has previously noted that a plaintiff is not excused from his discovery obligation merely because he has not fully completed his investigation of the case. Doc. 41 at 6. Any unresolved disputes about how plaintiff might fill out his collective action are no excuse for neglecting discovery regarding the existing plaintiffs' claims.

Given this order's implications, the court **denies without prejudice to refiling** defendants' motions for summary judgment (Docs. 45, 61, and 78). The parties may wish to reframe their issues to match the court's case-management decisions in this order.

## Conclusion

Laney's motion for conditional certification (Doc. 44) is **denied**. The court **orders** a deadline of June 1, 2020, for the filing of written opt-in consents to join this action. The court **overrules** Clements' Fluids objections to the order continuing consideration of its summary-judgment motion (Doc. 45). Finally, the court **denied without prejudice to refiling** defendant's motion and supplemental motions for summary judgment (Docs. 45, 61, and 78).

*So ordered by the court on March 25, 2020.*

_____
J. CAMPBELL BARKER
United States District Judge