# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| DOUG LANEY, et al. | § § § | |
| *Plaintiffs,* | § § | Civil Action No. 6:18-cv-00497 |
| vs. | § § | |
| CLEMENTS FLUIDS MANAGEMENT, LLC., et al. | § § § | |
| *Defendants.* | § | |

## DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR EQUITABLE TOLLING

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Atkins v. Gen. Motors Corp.*,
  701 F.2d 1124 (5th Cir. 1983) ...................................................................................3

*Audler v. CBC Innovis, Inc.*,
  519 F.3d 239 (5th Cir. 2008) .....................................................................................2

*Davis v. Johnson*,
  158 F.3d 806 (5th Cir. 1998) .....................................................................................3

*Espinosa v. Stevens Tanker Div., LLC*,
  No. SA-15-CV-879-XR, 2016 U.S. Dist. LEXIS 103127, 2016 WL 4180027
  (W.D. Tex. Aug. 5, 2016) ..........................................................................................4

*Faison v. Tex. Ezpawn, L.P.*,
  No. G-07-067, 2007 U.S. Dist. LEXIS 36864 (S.D. Tex. May 21, 2007) .................5

*Grayson v. K Mart Corp.*,
  79 F.3d 1086 (11th Cir. 1996) ...................................................................................3

*Heckler v. Cmty. Health Servs. of Crawford Cty., Inc.*,
  467 U.S. 51 (1984) .....................................................................................................6

*Johnson v. Big Lots Stores, Inc.*,
  No. 04-3201, 2008 U.S. Dist. LEXIS 123265 (E.D. La. 2008) .................................5

*McKnight v. D. Houston, Inc.*,
  756 F. Supp. 2d 794 (S.D. Tex. 2010) .......................................................................3

*Mejia v. Bros. Petroleum, LLC*,
  No. 12-2842, 2014 U.S. Dist. LEXIS 107363 (E.D. La. 2014) .................................6

*Pacheco v. Aldeeb*,
  No. 5:14-CV-121-DAE, 2015 U.S. Dist. LEXIS 40944 (W.D. Tex. Mar. 31,
  2015) ..........................................................................................................................4

*Phillips v. Leggett & Platt, Inc.*,
  658 F.3d 452 (5th Cir. 2011) .....................................................................................3

*Ramirez v. City of San Antonio*,
  312 F.3d 178 (5th Cir. 2002) .....................................................................................3

*Robinson v. RWLS, LLC*,
   No. SA-16-CA-00201-OLG, 2017 U.S. Dist. LEXIS 66342 (W.D. Tex. Mar.
   14, 2017) ...................................................................................................................4

*Rodriguez v. Gold & Silver Buyers, Inc.*,
   No. 4:12-CV-1831, 2013 U.S. Dist. LEXIS 136332 (S.D. Tex. Sept. 24, 2013) .......................4

*Roussell v. Brinker Int'l, Inc.*,
   No. H-05-3733, 2008 U.S. Dist. LEXIS 109663 (S.D. Tex. Nov. 4, 2008) ..............................5

*Sandoz v. Cingular Wireless, L.L.C.*,
   700 F. App'x 317 (5th Cir. 2017) ..................................................................................3, 6, 7

*Shidler v. Alarm Sec. Grp., LLC*,
   919 F. Supp. 2d 827 (S.D. Tex. 2012) ..............................................................................5

*Straka v. Methodist Dall. Med. Ctr. Aux.*,
   No. 3:16-CV-2192-B, 2018 U.S. Dist. LEXIS 56215 (N.D. Tex. Apr. 3, 2018) ......................4

*Switzer v. Wachovia Corp.*,
   No. H-11-1604, 2012 U.S. Dist. LEXIS 51556 (S.D. Tex. Apr. 11, 2012) .............................4

*Teemac v. Henderson*,
   298 F.3d 452 (5th Cir. 2002) ........................................................................................3

TO THE HONORABLE JUDGE OF SAID COURT:

Defendants Clements Fluids Management, LLC, Clements Fluids South Texas, Ltd., and Clements Fluids Henderson, Ltd. (collectively "Defendants" or "Clements") hereby respectfully file this, their Response in Opposition to Plaintiffs' Motion for Equitable Tolling. Plaintiff Doug Laney's ("Laney") sole basis for seeking to invoke the discretionary powers of this Honorable Court to toll the two (2)-year statute of limitations under the Fair Labor Standards Act ("FLSA") is the inherent nature of the litigation process itself. Specifically, Laney alleges that delay in this Honorable Court's ruling on his Motion for Conditional Certification is an "exceptional" or "extraordinary" circumstances warranting equitable tolling of the applicable statute of limitations. Clements is of the opinion that the Motion for Equitable Tolling[1] is rendered moot in light of this Honorable Court's March 25, 2020 Order denying conditional certification. *See* Doc. 112. In an abundance of caution, Clements would respectfully show unto this Honorable Court as follows:

**I.     Request For Tolling of FLSA Statute of Limitations Is Moot.**

Plaintiffs Laney, Chris Morgan ("Morgan") and Gary McAnally ("McAnally") filed this action against Clements on May 16, 2018. Neither Morgan nor McAnally serve as representatives of any purported collective because they have been subsequently dismissed from the case.[2] Furthermore, none of the three (3) individuals who have filed consent forms with this Honorable Court has agreed to serve as a representative plaintiff. Plaintiff Sydney Hamblin ("Hamblin") had initially consented to be a named Plaintiff but explicitly withdrew that consent in an amended filing approximately one month later.[3] Plaintiffs Bryan McKnight ("McKnight") and Albert

---

[1] *Plaintiffs' Motion for Equitable Tolling*, Doc. 110, filed March 13, 2020 (hereinafter "Motion for Equitable Tolling").
[2] Order of Dismissal With Prejudice as to Morgan, Doc. 103, filed September 30, 2019; Judgment as to McAnally, Doc. 35, filed January 14, 2019.
[3] *Cf.* Consent to Join Wage Claim as to Hamblin, Doc. 50-1, filed March 13, 2019; Amended Consent to Join Wage Claim as to Hamblin, Doc. 80-1, filed April 16, 2019.

1

Villalobos ("Villalobos") have not ever consented to serve in a representative capacity in this lawsuit.[4]

On February 28, 2019, Plaintiffs[5] filed their Motion for Conditional Certification seeking to represent three (3) separate classes alleging three (3) different violations of the FLSA. Clements moved for summary judgment as to Plaintiffs' individual and purported representative claims and on the issues of standing/mootness, good faith, lack of willfulness, employee status, and Clements' exemption defenses.[6] As more fully explained therein, Laney and two (2) of the opt-in Plaintiffs last performed exempt work for Clements outside of the FLSA two (2)-year statute of limitations. The only opt-in Plaintiff who is not wholly time-barred, does not fit within any of the proposed classes because he performed exempt outsides sales and was never paid a day rate. None have standing or a personal stake in the outcome of the litigation.

This Honorable Court has since denied Plaintiffs' Motion for Conditional Certification. Plaintiffs had filed their Motion for Equitable Tolling seeking to extend the FLSA statute of limitations "[i]f the Court grants the Motion for Class Certification"[7] for those individuals who have not joined this action but may seek to participate. However, Plaintiffs lack standing to request equitable tolling on behalf of others as the requested relief could benefit only those individuals not a party to this suit. *See Audler v. CBC Innovis, Inc.*, 519 F.3d 239, 248 (5th Cir. 2008) ("Without the prospect of class certification, [plaintiff's] claims against the Class Defendants are nothing

---

[4] Consent To Become Complainant as to Villalobos McKnight, Doc. 74-1, filed April 5, 2019; Consent To Become Complainant as to McKnight, Doc. 77-1, filed April 8, 2019.
[5] To be clear, the only named Plaintiff remaining is Laney. For ease of reference throughout, Clements will continue to refer to Laney and the opt-in Plaintiffs collectively as "Plaintiffs."
[6] Defendants' Motion For Summary Judgment And, In The Alternative, Motion For Partial Summary Judgment, Doc. No. 45, filed March 7, 2019; Supplement To Defendants' Motion For Summary Judgment And, In The Alternative, Motion For Partial Summary Judgment, Doc. 61, filed March 21, 2019 (hereinafter "Motions for Summary Judgment").
[7] *See* Motion for Equitable Tolling, p. 7.

more than attempts to assert the injuries of others and therefore must be dismissed for lack of standing.").

The claims of Laney, McKnight, and Villalobos were time-barred under the two (2)-year statute of limitations of the FLSA *prior* to the filing of Plaintiffs' Motion for Conditional Certification. Plaintiffs' pre-emptive request to allow others to join this action without having had damages "'roll off the back end' of their claims" is nothing more than a request that this Honorable Court issue a prohibited advisory opinion which should be denied.

**II.     Any Perceived Delay Is Not Exception Or Extraordinary Circumstance But Inherent Nature of Litigation.**

The Fifth Circuit has repeatedly held that "[e]quitable tolling 'is a narrow exception . . . that should be 'applied sparingly.'" *Sandoz v. Cingular Wireless, L.L.C.*, 700 F. App'x 317, 320 (5th Cir. 2017) (quoting *Phillips v. Leggett & Platt, Inc.*, 658 F.3d 452, 457 (5th Cir. 2011); *Ramirez v. City of San Antonio*, 312 F.3d 178, 183 (5th Cir. 2002)). It is well-established that equitable tolling applies only in "rare and exceptional circumstances." *Teemac v. Henderson*, 298 F.3d 452, 457 (5th Cir. 2002) (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)). Thus, courts within the Fifth Circuit strictly construe the FLSA's limitations provision and allow for tolling only in extraordinary circumstances:

> Congress did not provide for tolling while a court considers whether to certify a case as a collective action under the FLSA. Rather, Congress 'expressed concern that an opt-in plaintiff should not be able to escape the statute of limitations bearing on his cause of action by claiming that the limitations period was tolled by the filing of the original complaint.'

*McKnight v. D. Houston, Inc.*, 756 F. Supp. 2d 794, 808 (S.D. Tex. 2010) (Rosenthal, J.) (quoting *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1106 (11th Cir. 1996)); *see Atkins v. Gen. Motors Corp.*, 701 F.2d 1124, 1130 n.5 (5th Cir. 1983). The party seeking to invoke equitable tolling, bear the burden of proving that exceptional or extraordinary circumstances exist. *See Teemac*, 298 F.3d at 457.

A.  **Equitable Tolling Is Not Warranted Here Based On Routine Litigation.**

Plaintiffs cite as their sole basis for seeking to invoke the discretionary authority of this Honorable Court to order equitable tolling of the two (2)-year FLSA statute of limitations the "procedural history and litigation posture [which allegedly] have occasioned delay due to no fault of the putative class members."[8] However, because inevitable court delays are part of routine litigation, such delays are not, by definition, extraordinary circumstances. *Straka v. Methodist Dall. Med. Ctr. Aux.*, No. 3:16-CV-2192-B, 2018 U.S. Dist. LEXIS 56215, at *2-3 (N.D. Tex. Apr. 3, 2018); *Robinson v. RWLS, LLC*, No. SA-16-CA-00201-OLG, 2017 U.S. Dist. LEXIS 66342, at *5 (W.D. Tex. Mar. 14, 2017); *see e.g.*, *Rodriguez v. Gold & Silver Buyers, Inc.*, No. 4:12-CV-1831, 2013 U.S. Dist. LEXIS 136332, at *26-27 (S.D. Tex. Sept. 24, 2013) (Harmon, J.) (rejecting equitable tolling of FLSA claims when motion for conditional certification was pending for eight months); *Switzer v. Wachovia Corp.*, No. H-11-1604, 2012 U.S. Dist. LEXIS 51556, at *10-11 (S.D. Tex. Apr. 11, 2012) (Atlas, J.) (rejecting equitable tolling of FLSA claims when motion for conditional certification was pending for eight months and case was reassigned while the motion was pending).

It is telling that Plaintiffs cite unpublished authority from jurisdictions far afield, because, simply put: "**Courts in the Fifth Circuit regularly deny motions for equitable tolling when the only justification provided is the delay in deciding a motion for conditional class certification.**" *Espinosa v. Stevens Tanker Div., LLC*, No. SA-15-CV-879-XR, 2016 U.S. Dist. LEXIS 103127, at *4 (W.D. Tex. Aug. 5, 2016) (emphasis added); *Pacheco v. Aldeeb*, No. 5:14-CV-121-DAE, 2015 U.S. Dist. LEXIS 40944, at *24 (W.D. Tex. Mar. 31, 2015) (denying request for equitable tolling as defendants' opposition to conditional certification was not extraordinary

---

[8] *See* Motion for Equitable Tolling, p. 3.

circumstance). Rather, not only are many of Plaintiffs' citations to decisions within the Fifth Circuit incomplete,[9] the holdings of each are taken entirely out of context. *See Roussell v. Brinker Int'l, Inc.*, No. H-05-3733, 2008 U.S. Dist. LEXIS 109663, at *1 (S.D. Tex. Nov. 4, 2008) (Ellison, J.) (granting tolling for forty-five (45) days to dismissed opt-ins following Order to Decertify); *Johnson v. Big Lots Stores, Inc.*, No. 04-3201, 2008 U.S. Dist. LEXIS 123265, at *4 (E.D. La. 2008) (same); *Faison v. Tex. Ezpawn, L.P.*, No. G-07-067, 2007 U.S. Dist. LEXIS 36864, at *4 (S.D. Tex. May 21, 2007) (granting tolling for thirty (30) days to allow members of decertified class to refile their claims individually).

Additionally, Plaintiffs reliance upon the *Shidler* case is utterly misplaced, as the holding in that case rests entirely upon the particular facts at issue: "The circumstances before the Court are unique: the parties are agreed to the terms of conditional certification, as well as the attendant notice. Furthermore, the delay was not due to the Court's consideration of the conditional certification, but instead to the need for the Court to ascertain the parties properly before it, a delay entirely unrelated to the certification itself." *Shidler v. Alarm Sec. Grp., LLC*, 919 F. Supp. 2d 827, 831 (S.D. Tex. 2012)). For Plaintiffs to cite to the *Shidler* case in support of their contention that any procedural or judicial delay in deciding whether conditional certification is appropriate justifies tolling the applicable statute of limitations here is clearly inapposite to the actual holding in that case.

Plaintiffs have not and cannot show that the procedural history or litigation posture of this routine litigation are exceptional or extraordinary circumstances which warrant equitable tolling of the FLSA statute of limitations as to any as of yet unknown or unidentified claims or claimants.

---

[9] *See e.g.*, Motion for Equitable Tolling, Doc. 110, p. 4 ("*Roussell v. Brinker Int'l*, No. H-05-3733 (S.D. Tex. Nov. 4, 2008); *Johnson v. Big Lots Stores, Inc.,* No. 04-3201 (E.D. La. July 24, 2008)").

### B. No External Obstacle Has Prevented Others From Timely Discovering Or Filing Any Claims.

While Clements does not agree with Plaintiffs' contention that the litigation posture of this case is anything other than routine, protracted litigation can constitute an extraordinary circumstance only when a defendant's conduct "induced or tricked a plaintiff into allowing a filing deadline to pass." *Sandoz*, 700 F. App'x at 321 (quoting *Heckler v. Cmty. Health Servs. of Crawford Cty., Inc.*, 467 U.S. 51, 59 (1984)). The fact that six (6) individuals have joined in this action thus far without the provision of court-supervised notice belies Plaintiffs' contention that those who may wish to join this action have been unable to discover their claims and diligently file within the allotted statute of limitations because of reasons beyond their control. *See Mejia v. Bros. Petroleum, LLC*, No. 12-2842, 2014 U.S. Dist. LEXIS 107363, at *7-8 (E.D. La. 2014) (rejecting plaintiffs' claim that putative class members had been prevented from joining action due to reasons beyond their control when two (2) new opt-ins had joined since the filing of the motion for conditional certification).

The Fifth Circuit's decision in the *Sandoz* case is instructive here. *Sandoz*, 700 F. App'x 317 (5th Cir. 2017). The plaintiff in that case rejected the defendant's Rule 68 Offer of Judgment. *Id.* at 319. On that basis, the defendant moved to dismiss her claim as moot and for lack of subject matter jurisdiction. *Id*. The district court denied the request but certified a question to the Fifth Circuit for interlocutory review. *Id*. The case was ultimately returned to the district court which conditionally certified a putative class. *Id*. Four individuals then opted-in to the litigation. *Id*. Defendants moved thereafter to decertify the collective. *Id*. The district court granted defendant's motion to decertify, rejecting plaintiffs' request for equitable tolling, and therefore finding the FLSA statute of limitations barred the opt-in plaintiffs' claims. *Id*. The Fifth Circuit held that plaintiffs had not shown they were entitled to equitable tolling or equitable estoppel and, therefore,

the district court had not abused its discretion in decertifying the class. *Id*. at 320. Fundamental to the Fifth Circuit's analysis was its finding that the timesheets and paycheck memorandums which were available to all of defendant's employees provided the information necessary to trigger a duty to inquire as to whether a particular employee was paid in accordance with the provisions of the FLSA. *Id*. at 321. Furthermore, the plaintiffs' assertion that defendant's litigation strategy was an extraordinary circumstance that prevented timely filing was unavailing because equitable tolling "focuses on whether an external obstacle 'prevented timely filing,' not on whether an external obstacle prevented timely filing *in a specific suit*." *Id*. (emphasis in original).

Like in *Sandoz*, nothing has prevented any potential plaintiffs from discovering their claims or initiating suit: "when, as here, an employee's own inaction relegates opt-in notice from a specific suit as the only means of discovering an FLSA violation, we will not transform routine litigation into an extraordinary circumstance." *Id*. If the ten (10)-plus years of litigation surrounding the *Sandoz* case was deemed by the Fifth Circuit to be routine, then certainly any perceived delay given the procedural posture of this FLSA action is not an extraordinary circumstance.

WHEREFORE, PREMISES CONSIDERED, Defendants Clements Fluids Management, LLC, Clements Fluids South Texas, Ltd., and Clements Fluids Henderson, Ltd. respectfully request that this Honorable Court deny Plaintiffs' Motion for Equitable Tolling in its entirety, , and any other relief to which the Defendants have shown themselves justly entitled.

Dated:  March 26, 2020                                  Respectfully Submitted,

**MUNSCH, HARDT, KOPF & HARR, P.C.**

By: */s/ Daniel D. Pipitone*
    **Daniel D. Pipitone**
    State Bar No. 16024600
    700 Milam Street, Suite 2700

Houston, Texas 77002
Telephone:(713) 222-1470
Facsimile: (713) 222-1475
dpipitone@munsch.com

OF COUNSEL:
**Amber L. Karns**
State Bar No. 24080669
700 Milam Street, Suite 2700
Houston, Texas 77002
Telephone:(713) 222-1470
Facsimile: (713) 222-1475
akarns@munsch.com

**FLOWERS DAVIS, PLLC**

By: */s/ Lee I. Correa*
    **Lee I. Correa**
    State Bar No. 24072049
    1021 ESE Loop 323, Suite 200
    Tyler, Texas 75701
    Telephone (903) 534-8063
    Facsimile: (903) 534-1650
    lic@flowersdavis.com

## CERTIFICATE OF SERVICE

    I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on March 26, 2020.

                                            */s/ Daniel D. Pipitone*
                                            DANIEL D. PIPITONE

4812-8329-7208v.1